UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

CHIEF REUEL COHN,

    Plaintiff,

    v.

STATE OF WASHINGTON, *et al.*,

    Defendants.

Case No. C11-1649RSL

ORDER GRANTING IN PART STATE DEFENDANTS' MOTION TO DISMISS

This matter comes before the Court on the "State of Washington's Motion to Dismiss" (Dkt. # 8). The State of Washington, Governor Christine Gregoire, and the Washington State Department of Fish and Wildlife (the "State Defendants") filed the motion in response to Plaintiff's[1] demand that Whidbey Island, Washington, be returned to reservation status and returned to him and his descendants as he alleges the Point Elliot Treaty of 1855 requires.

State Defendants argue predominately that the Eleventh Amendment bars Plaintiff from pursuing his claim against them in federal court. However, they also point out that Plaintiff is proceeding *in propia persona* – without legal counsel. He nonetheless attempts to represent both his own individual interests, Complaint (Dkt. # 4) at 2 ("return of Whidbey Island to Him and his descendants"), and those of his "Tribe,"[2] id. ("returned to reservation status"). The law

---

[1] To be clear, the Court simply adopts Plaintiff's description of himself as "Chief."

[2] For the sake of this Order, the Court simply assumes Plaintiff's "Tribe" is valid.

ORDER GRANTING IN PART STATE DEFENDANTS' MOTION TO DISMISS - 1

precludes him from doing either.

Treaties are contracts between sovereigns and "do not give rise to individual actions." See Skokomish Indian Tribe v. United States, 410 F.3d 506, 515–16 (9th Cir. 2005). Accordingly, under the facts alleged, Plaintiff lacks standing to seek enforcement of the Treaty as an individual. See id.; Golden Hill Paugussett Tribe v. Weicker, 39 F.3d 51, 55 n.1 (2d Cir. 1994) ("Individual Indians do not fall within the zone of interests to be protected by the Nonintercourse Act."). While the Tribe itself could seek to vindicate any rights allegedly guaranteed it under the Treaty in question, Plaintiff cannot himself represent the Tribe. Johns v. Cnty. of San Diego, 114 F.3d 874, 879 (9th Cir. 1997) ("[A] non-lawyer 'has no authority to appear as an attorney for others than himself.'" (quoting C.E. Pope Equity Trust v. United States, 818 F.2d 696, 697 (9th Cir. 1987))); see Local General Rule 2(g)(4)(B). He must secure counsel or convince the United States to pursue the Tribe's interests.

Because Plaintiff cannot prosecute his claim without the assistance of counsel, the Court does not reach the merits of Defendants' motion. Instead, the Court GRANTS Plaintiff 30 days from the date of this Order to secure counsel. If no notice of appearance is filed within that 30-day period, the Court will dismiss Plaintiff's complaint without prejudice for failure to prosecute. Johns, 114 F.3d at 879 (affirming the trial court's dismissal for failure to prosecute, but concluding that it should have dismissed without prejudice). If an appearance is filed, the Court will re-note Defendants' motion for the following fourth Friday.

DATED this 21st day of December, 2011.

*/s/ Robert S. Lasnik*
Robert S. Lasnik
United States District Judge

ORDER GRANTING IN PART STATE DEFENDANTS' MOTION TO DISMISS - 2